IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN CALVIN                                                                                      PLAINTIFF

V.                                                              CIVIL NO. 3:15-CV-827-HTW-LRA

MISSISSIPPI DEPARTMENT OF
REHABILITATION SERVICES                                                          DEFENDANT

## ORDER DENYING SUMMARY JUDGMENT

Before this court is defendant Mississippi Department of Rehabilitation Services' summary judgment motion filed pursuant to Rule 56[1] of the Federal Rules of Civil Procedure [doc. no. 23]. Plaintiff John Calvin opposes the motion. On April 18, 2017, this court heard oral arguments from each side and, thereafter, ruled from the bench. This court denied defendant's motion. Set out below is the rationale for the court's ruling.

### BACKGROUND

The plaintiff herein, John Calvin ("Calvin"), instituted on November 17, 2015, this lawsuit against the defendant Mississippi Department of Rehabilitation Services ("MDRS"). Calvin, a former employee of MDRS, claims that the defendant has discriminated against him on account of his race, African American. He contends that the defendant unlawfully denied him a

---

[1] Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part:
 Summary Judgment.
   (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

1

promotion to Bureau Director Deputy. MDRS' conduct in this matter, he says, violated Title VII of the Civil Rights Act of 1964[2] and 42 U.S.C. § 1981.[3]

As earlier stated, on April 18, 2017, this court heard oral arguments on the outstanding claims. During that hearing, plaintiff abandoned his §1981 claim, confessing that it was not appropriate in that the defendant is a public entity. *Oden v. Oktibbeha County*, 246 F.3d 458 (5th Cir. 2001) (Section 1981 implies a cause of action against private actors). Where the defendant is a state actor, plaintiffs have no cause of action under §1981; rather violations of § 1981 must be brought under § 1983. *Shedrick v. District Bd. of Trustees of Miami-Dade College*, 941 F. Supp. 2d 1348 (S.D. Fla. 2013; *Bryant v. Jones*, 575 F.3d 1281 (11th Cir. 2009); *See Jett v. Dallas Independent School Dist*., 491 U.S. 701 (1989),

Calvin was employed with the defendant from 1975 until April, 18, 2013. Three times the defendant promoted him during this time period.

---

[2] Title VII of the Civil Rights Act of 1964 is codified as Title 42 U.S.C. § 2000e *et seq.* Congress enacted title VII "to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which would have fostered racially stratified job environments to the disadvantage of minority citizens*." McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800(1973) (as quoted in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 526 (1993)). Title VII "is central to the federal policy of prohibiting wrongful discrimination in the Nation's workplaces and in all sectors of economic endeavor." *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 2522 (2013).

[3] 42 U.S.C. § 1981 states in pertinent part:
Equal Rights under the law.
  (a) Statement of equal rights
      All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.
  (b) "Make and enforce contracts" defined
      For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.
  (c) Protection against impairment
      The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

In May of 2012, Calvin applied for the Bureau Director Deputy position. The defendant appointed an interview panel consisting of Tarea Stout, Shirley Brown, Ryan Beard, and Lee Alderman to interview the applicants. Four persons applied. These four applicants included plaintiff and a Mike Byrd ("Byrd"), a Caucasian. Byrd was the successful applicant; supposedly, the interview panel scored Byrd the highest, based upon the panel's interview of all four applicants.

At the time of the interview, Calvin had thirty-seven years of experience with MDRS. Byrd had thirty-two years with the organization. Both Calvin and Byrd have master's degrees. At the time of the interviews, Calvin served as a district manager. Byrd was a facility manager. Their positions are at equal levels in the MDRS organizational structure.

Calvin contends that the questions by the interview panel intentionally were developed in Byrd's favor, in that they focused on facility management experience, despite the fact that facility management was not an important function of the position being filled. According to Calvin, the duties he was performing as a district manager at the time of the interview were more in line with the duties of the position for which he was applying, than were the duties of a facility manager. Calvin also contends that Tarea Stout, a member of the interview panel, and supposedly, the person who had created the interview questions, asked one of the other interviewers on the panel, an African American, to lower the score she had given to Calvin. That other interviewer refused to do so.

On February 7, 2013, aggrieved over the selection process, Calvin filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). After investigation, the EEOC found reasonable cause to believe defendant had not selected Calvin

because of his race. The EEOC, thereafter, on October 29, 2015, issued Calvin a right to sue letter.[4]

## THE STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*; *Copeland v. Nunan,* 250 F.3d 743 (5th Cir. 2001); see also *Wyatt v. Hunt Plywood Company, Inc.,* 297 F.3d 405, 408–09 (2002). When assessing whether a dispute to any material fact exists, all of the evidence in the record is considered, but the court refrains from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); instead, we "draw all reasonable inferences in favor of the nonmoving party." *Id.*; *Wyatt,* 297 F.3d at 409. All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc*. 369 U.S. 654, 655 (1962).

A party, however, cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *TIG Ins. Co. v. Sedgwick James of Wash.* 276 F.3d 754, 759 (5th Cir. 2002); *S.E.C. v. Recile,* 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). Summary judgment is appropriate

---

[4] 42 U.S.C.§ 2000e et seq. creates the Equal Employment Opportunity Commission ("EEOC"). The Commission is empowered to prevent any person from engaging in any unlawful employment practice as set forth in section 2000e-2 or 2000e-3 of title 42. 42 U.S.C. §2000e-4. Before filing a Title VII action, a plaintiff must first bring his charges before the EEOC and obtain a right to sue letter from the agency. *Koster v. Chase Manhattan Bank*, 554 F. Supp. 285, 287 (S.D.N.Y. 1983).

if a reasonable jury could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

DEFENDANT'S ARGUMENT

The case of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), establishes a three-step, circumstantial evidentiary process to show discrimination.

> First, the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case[5] of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendants to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry the burden, the plaintiff must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the plaintiff were not its true reasons, but were a pretext for discrimination.

Id. at 802.

As stated above, a complainant in a Title VII case must carry the initial burden of establishing a prima facie case of racial discrimination. This may be done by showing: i) he is a member of a protected class; ii) he applied for and was qualified for the position; iii) that despite his qualifications he was rejected; and iv) the employer continued to seek applicants from persons of complainant's qualifications. *Id.* The United States Supreme Court, in *McDonnell,* added that facts will vary in Title VII cases; thus the prima facie proof required may differ in differing factual situations." *Id.,* at 802, n. 13; See also *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002). The Defendant acknowledges that plaintiff has met his burden of establishing a prima facie case as required under *McDonnell.*

Once a plaintiff has established a prima facie case, as here, the employer has the burden to articulate a legitimate, non-discriminatory reason for the action taken. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248 (1981). MDRS, the defendant here, contends that it

---

[5] *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248,260 n. 7 (1981), defines "prima facie case" in the Title VII context as "the establishment of a legally mandatory, rebuttable presumption."

5

has met its production burden of articulating a non-discriminatory reason: that under its selection criteria, Byrd was the most qualified. Defendant claims Calvin and Byrd had equivalent education, both had over thirty years of experience, and the two were in equivalent levels of management. Defendant adds that an interview panel asked questions of the candidates, scored the applicants based on that interview, and scored Byrd highest.

Having articulated this legitimate reason for its action, MDRS argues that the third *McDonnell* factor requires a shifting of the production burden back to the plaintiff, who must show that the employer's reason was a pretext for discrimination. Muscling up that argument, Defendant submits that Calvin cannot make that showing, that he has admitted that he has no real evidence, only personal beliefs and hearsay.

## PLAINTIFF'S ARGUMENT

Calvin, on the other hand, argues that MDRS has not met its burden of articulating a race neutral reason for its employment decision. Plaintiff says MDRS has yet to explain how the interviewers arrived at their scores. According to plaintiff, *Alvarado v. Texas Rangers,* 492 F. 3d 605, 617 (5th Cir. 2007), requires this explanation.

Attacking the neutrality of the interview process, Calvin next points to Stout's efforts to persuade another panel member to alter the scores this other panel member had assigned him. He also points to the interview questions, allegedly prepared by Stout, that were tailored, Calvin says, to benefit Byrd.

Calvin also claims that he was more qualified for the position than was Byrd, since he has more years of experience and work experience more directly related to the job being filled. Calvin even asserts that Byrd, after receiving the promotion, acknowledged that he did not know how to do the job and asked for Calvin's help. Furthermore, Calvin states, the EEOC, after its

6

investigation, found reasonable cause to believe that Calvin had been denied the promotion based on his race.

## COURT'S RULING

The Court's inquiry focuses first on whether genuine issues of material fact here exist. The defendant says plaintiff has no real proof, only personal beliefs, hearsay and speculation. Plaintiff has submitted the EEOC determination, but that does not carry the day. This court must make its own determination.[6]

The plaintiff, however, has another arrow in its quiver, that defendant has failed to meet the requirement of *Alvarado.* Plaintiff, to date, has not been apprised of the reasons for the scores generated by the panel. Plaintiff cannot attack the reasons if the defendant offers no explanation. The defendant contends that this court can look at the panel as being neutral and look at Byrd's scores and determine that the defendant has submitted sufficient material for the basis of a race neutral reason.

This court is not prepared to grant the motion for summary judgment. The court is of the opinion that disputed genuine issues of material fact plague this lawsuit. Among them are:

1) Whether the interview panel behaved in a race neutral manner regarding the questions and activities of the panel. *Alvarado* has input here.

2) Whether the questions, themselves, actually favored the white candidate inappropriately

---

[6] It is well-established that, in employment discrimination cases brought under Title VII of the Civil Rights Act and the ADEA, EEOC determinations regarding a plaintiff's claims of discrimination are not binding on the trier of fact. *Smith v. Universal Services, Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) as quoted in *Eason v. Fleming Companies, Inc.*, 4 F.3d 989 (1991).

7

3) Whether Stout prepared the questions and whether she inappropriately approached another panel member about changing scores, and whether all this called her neutrality, and that of the panel, into question.

As earlier stated, the court finds that disputed issues of material facts are here present, disputed issues of fact which must be resolved by a trier of fact. Accordingly, this court must deny defendant's motion for summary judgment **[doc. no. 23].** Further, this court sets this lawsuit for trial during the trial period beginning May 8, 2017.

**SO ORDERED AND ADJUDGED,** this the 3rd day of May, 2017.

_____s/ HENRY T. WINGATE_____
UNITED STATES DISTRICT JUDGE
